## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ARTHUR R. MORRISON,** | ) | |
| **ID # 1492042** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:12-CV-1040-P (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings, evidence and applicable law, the notice of removal should be dismissed.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a *Notice to Remove* and *Petitioner's Omnibus Motion In Support of His Notice to Remove* on April 3, 2012 (docs. 3, 4).  He seeks to remove his pending state writ of habeas corpus to federal court pursuant to 28 U.S.C. § 1441(a) due to "bias and prejudice" and "fraud" by the state court.  (*See* doc. 3 at 1-2; doc. 4 at 1).

## II. REMOVAL

Section 1441(a) permits a defendant to remove a civil action from state court to federal court if the federal court has jurisdiction over the case.  Notwithstanding petitioner's failure to comply with the process for removal set out in 28 U.S.C. § 1446, he is not the defendant in the state habeas action that he seeks to remove.  He is therefore not entitled to remove this habeas case to federal court, and it should be dismissed.  *See Easley v. State of Texas*, 19 F.3d 16, 1994 WL 659661, *1 (5th Cir. March 18, 1994) (*per curiam*) (affirming the dismissal of a petition to remove a state habeas proceeding to

federal court because the petitioner was not the defendant in his state habeas case); *see also Nichols v. Cain*, 122 Fed. App'x 161 (5th Cir. Feb. 23, 2005) (affirming the dismissal of a petition for removal of a civil action by a state prisoner because only a defendant may remove a state action to federal court); *Conlin v. Ligon*, 2011 WL 649661, *2 (S.D. Tex. Feb. 10, 2011) (dismissing with prejudice a request for leave to remove a pending state habeas proceeding).[1]

### III.  RECOMMENDATION

This case should be **DISMISSED** with prejudice.

**SIGNED this 5th day of April, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  Even if petitioner's filing was construed as a federal habeas action challenging his state conviction, it would still be subject to dismissal as unexhausted because his state writ is still pending.  The Texas Court of Criminal Appeals recently remanded the case to the trial court for additional fact finding.  *See Ex Parte Morrison*, WR-28,594-13,  2011 WL 6240360  (Tex. Crim. App. Dec. 14, 2011).